UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NUMBER 4:17-CR-00192 |
| | § | |
| ALFRED PICK | § | |
| | § | |
| | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On May 22, 2018, this case came before the undersigned United States Magistrate Judge for entry of a guilty plea by Defendant, Alfred Pick, to Count Two of the Indictment. Count Two of the Indictment alleges that on or about October 13, 2017, in the Eastern District of Texas, Defendant, Alfred Pick, then being an unlawful user of a controlled substance, that is, marijuana and cocaine[1], did knowingly possess in and affecting interstate or foreign commerce the following firearms, namely:

- a Beretta, Model A303, 12 gauge shotgun bearing Serial Number L51066E;
- a Smith and Wesson, Model 15-3, .38 caliber pistol bearing Serial Number 16K9861;

---

[1] As alleged, in the Indictment.

- a Rossi, Model M712, .357 caliber pistol bearing Serial Number F074991;
- a Rossi, Model M88, .38 revolver bearing Serial Number W266702;
- a Ruger, Model Security 6, .357 pistol bearing Serial Number 153-61385;
- a Colt, Model Government, .45 caliber pistol bearing Serial Number CV40465;
- a Glock, Model 33, .357 pistol bearing Serial Number CFR276US;
- a North American Arms, .22 magnum bearing Serial Number E011558;
- Unknown manufacturer, .308 caliber fully automatic rifle, Model M14 with an obliterated Serial Number;
- a Harrington and Richardson, Model 12 gauge shotgun bearing Serial Number A416488;
- a Ruger, Model 10-22, .22 caliber rifle bearing Serial Number 123-80743;
- a Winchester, Model 94, 30-30 rifle bearing Serial Number 3229830;
- a Winchester, Model 70 XTR, .280 rifle bearing Serial Number G1748755; and
- a Walther, Model PP, 9mm pistol bearing Serial Number 38363.

In violation of Title 18 U.S.C. § 922(g)(3) – Possession of a Firearm While an Unlawful User of a Controlled Substance.

Defendant entered a plea of guilty to Count Two of the Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

a.      Defendant, after consultation with his attorney, has knowingly, freely, and voluntarily consented to the administration of the guilty plea in this case by a United States

Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

b. Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. Defendant verified that he understood the terms of the plea agreement, and acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the Court advises Defendant that he has no right to withdraw the plea if the Court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advises Defendant that he will have the opportunity to withdraw his plea of guilty should the Court not follow those particular terms of the plea agreement;[2]

c. Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing Defendant personally in open court, the undersigned determines that Defendant's plea is knowing and voluntary and did not result from

---

[2] (3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. FED. R. CRIM. P. 11(c)(3)-(5).

force, threats, or promises (other than the promises set forth in the plea agreement). See FED. R. CRIM. P. 11(b)(2); and

    d.    Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under Title 18 U.S.C. § 922(g)(3) - Possession of Firearms While an Unlawful User of a Controlled Substance.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. See Factual Basis. In support, the Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Count Two of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea agreement.

Defendant, Alfred Pick, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely, and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant, which the undersigned

determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count Two of the Indictment. It is also recommended that the District Court defer acceptance of the plea agreement until after review of the presentence report. Accordingly, it is further recommended that Alfred Pick be finally adjudged guilty of the charged offense in violation of Title 18 U.S.C. § 922(g)(3) – Possession of Firearms While an Unlawful User of a Controlled Substance.

If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. Defendant has the right to allocute before the District Court before imposition of sentence.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 22nd day of May, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE