IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | **CASE NO. 4:17CR192** |
| **v.** § | | |
| § | | |
| **ALFRED PICK(1)** § | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant's Motion to Reconsider Order Denying Application to Proceed on Appeal *In Forma Pauperis* [Dkt. 74], and Motion for Appointment of Counsel [Dkt. 75], the motions having been referred to the undersigned by the Honorable Marcia A. Crone for consideration and determination [Dkt. 78]. In the Motion to Reconsider, filed on February 12, 2019, Defendant asks the Court to reconsider its decision denying him the right to proceed on appeal without pre-payment of any fees and costs. Having reviewed the Motion to Reconsider, and all other relevant filings, the Court recommends Defendant's Motion to Reconsider be **DENIED** and Defendant be ordered to pay the applicable filing fee. The Court further recommends the Motion for Appointment of Counsel be **DENIED**.

**Legal Standard**

In this circuit, "[a] movant seeking leave to proceed IFP on appeal in a civil case must show that he is a pauper and that the appeal raises nonfrivolous issues. A movant seeking leave to proceed IFP in a criminal case must make the same showing." *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam) (respectively citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir.

1982); *United States v. Boutwell*, 896 F.2d 884, 888-90 (5th Cir. 1990); *cf. United States v. Ramirez*, 429 F. App'x 400, 401 (5th Cir. 2011) (per curiam) ("Insofar as Ramirez argues that the district court erred by applying 28 U.S.C. § 1915 to his IFP motion[—related to his appeal of the district court's denial of his motion under Federal Rule of Criminal Procedure 35–]he is wrong. Ramirez's request for IFP status will be granted if he is unable to pay the costs of the appeal and the appeal is taken in good faith. § 1915(a)(1), (3)." (citing *Boutwell*, 896 F.2d at 888-90)). To meet the financial requirement for IFP status, a movant need not show absolute destitution. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, the central question is whether the movant can afford the costs of a particular litigation without undue hardship or deprivation of the necessities of life. *Id*. at 339–40. To that end, it is well-settled that IFP status "should not be granted by the Court unless it reasonably appears that the cost of filing would be beyond [the movant's] means." *Carroll v. United States*, 320 F.Supp. 581, 582 (S.D. Tex. 1970).

**Analysis**

Previously, on December 3, 2018, the Court found Defendant had, among other assets, an inheritance of an undetermined amount, two homes (in which he has some amount of equity), an ownership interest in an aircraft, as well as an average balance in his trust account of $369.31 [Dkt. 70]. Given Defendant's assets, the Court denied Defendant's application to proceed on appeal *in forma pauperis* finding he had sufficient funds to pay the filing fee necessary to proceed on appeal, and did not qualify for a grant of pauper's status.

In his Motion to Reconsider, Defendant challenges the Court's findings regarding his financial situation, claiming the Court acted on incomplete information and that his finances do

entitle him to proceed *in forma pauperis* [Dkt. 74]. Specifically, Defendant declares that the referenced inheritance consists of a home and a number of personal property items. Defendant alleges the home, his homestead, is exempt from consideration and that the personal property items, from inside the home, have largely been stolen by family members. As to the second home, Defendant states that it is "underwater" and that the plane has a limited salvage value. With respect to his trust fund account, Defendant claims that "[t]he current available amount would barely cover the filing fee and leave [Defendant] with only $67.50 in his account. Requiring [Defendant] to expend nearly all of his data sheet balance would be punative [sic]" [Dkt. 74 at 2-4].

Subsequent to receipt of Defendant's Motion to Reconsider, on March 5, 2019, the Court received a letter from Defendant's daughter questioning the veracity and/or accuracy of Defendant's statements regarding his income and assets in the Motion to Reconsider [Dkt. 76 *sealed*]. On March 14, 2019, the Court further received a financial investigation report regarding Defendant, wherein each of Defendant's assets (but not his liabilities) are delineated [Dkt. 77 *sealed*]. The financial investigation report provides that Defendant has registered in his name five (5) vehicles and one (1) airplane of unknown value, and is further listed as the owner of five (5) parcels of real estate, which collectively are valued in excess of one (1) million dollars.

Defendant has failed to provide sufficient information for the Court to conclude that he is a a pauper and/or that payment of the required court costs would deprive Defendant of the "necessities of life." Defendant's Motion to Reconsider makes clear that, at present without looking to any other income or assets, he has funds available in his trust fund account sufficient to pay to proceed with an appeal. In addition to the trust fund account, Defendant does have other assets - such as real

estate, automobiles, and planes - which could be liquidated to fund his appeal.  Moreover, even accepting Defendant's statements contained in the Motion to Reconsider, Defendant still fails to address a number of the assets listed on the financial investigation report (of which the Court was previously unaware), including the vehicles and certain of the real estate.  Defendant has the means to pay the filing fee.

## **Conclusion**

Accordingly, it is recommended that Defendant's Motion to Reconsider be **DENIED** [Dkt. 74] and Defendant be ordered to pay the applicable filing fee.  The Court further recommends the Motion for Appointment of Counsel [Dkt. 75] similarly be **DENIED** as Defendant has not shown he is indigent.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of April, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE